```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

|                              |   |                           |
|------------------------------|---|---------------------------|
| UNITED STATES OF AMERICA,    | ◊ |                           |
|                              | ◊ |                           |
|         Plaintiff,           | ◊ |                           |
|                              | ◊ |                           |
| vs.                          | ◊ | Cv. No. 05-2345-B/V       |
|                              | ◊ | Cr. No. 98-00093(W.D. Tex.) |
| KEITH RUSSELL JUDD,          | ◊ |                           |
|                              | ◊ |                           |
|         Defendant.           | ◊ |                           |
|                              | ◊ |                           |

_____

```
                       ORDER OF DISMISSAL
            ORDER DENYING CERTIFICATE OF APPEALABILITY
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                               AND
           ORDER RESTRICTING FILING PRIVILEGES IN THIS DISTRICT
```
_____

On May 2, 2005, Defendant, Keith Russell Judd, Bureau of Prisons (BOP) registration number 11593-051, an inmate at the Low Security Correctional Institution ("LSCI") at Allenwood, in White Deer, Pennsylvania, filed an irregular pro se document styled as "MOTION FOR RELIEF FROM JUDGMENT IN 28 U.S.C. § 2255 PROCEEDING BY INDEPENDENT ACTION UNDER FED. R. CIV. P. RULE 60(b; JURISDICTION UNDER FED. R. CIV. P. RULE 4(k)(2))."[1]  The Clerk docketed the irregular filing as motion to vacate under 28 U.S.C. § 2255.

Keith Judd was convicted by a jury in the United States District Court for the Western District of Texas of two counts of

---

[1] Fed. Rule Civ. P. 4(k)(2) is not a jurisdictional statute, but a procedural rule governing service of process.

mailing a threatening communication with the intent to extort money or something of value, in violation of 18 U.S.C. § 876. He was sentenced to 210 months imprisonment, along with a three-year term of supervised release. His conviction and sentence were affirmed on direct appeal. United States v. Judd, 252 F.3d 435 (5th Cir. 2001).

Rule 60(b) is a part of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure apply to "suits of a civil nature." To obtain relief under Rule 60(b)(1), a movant must demonstrate that a mistake is attributable to special circumstances and not simply an erroneous legal ruling. Fed. R. Civ. P. 60. Judd has never filed a civil action with this district court. No judgment exists in this district from which relief may be granted. Additionally, Judd was obviously prosecuted in a federal criminal case, and he cannot invoke Rule 60 as a basis for a new action attacking his conviction. United States v. Davis, No. 90-3956, 1991 WL 52900, at *1 (6th Cir. Apr. 10, 1991).[2]

As an initial matter, the Court considers whether this complaint has been filed in the proper venue. Under 28 U.S.C. § 1406(a), a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. "The statute

---

[2] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

explicitly contemplates dismissal unless otherwise warranted." Peckio v. Shay, 708 F. Supp. 75, 76 (S.D.N.Y. 1989). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992); Hapaniewski v. Chicago Heights, 684 F. Supp. 1011, 1013-14 (N.D. Ind. 1988); see also Shemonsky v. Office of Thrift Supervision, Dep't of Treasury, 733 F. Supp. 892, 895 (M.D. Pa. 1990)(suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984)(transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); Froelich v. Petrelli, 472 F. Supp. 756, 763 (D. Haw. 1979)(not in interests of justice to transfer case to California because case would simply be dismissed under statute of limitations); Viaggio v. Field, 177 F. Supp. 643, 645 (D. Md. 1959)(not in the interests of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). Cf. Passic v. State, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951)(finding transfer of frivolous habeas petition not in the interests of justice). For the reasons stated

below, transfer of plaintiff's lawsuit is not in the interests of justice.

Judd alleges in this pleading that the United States District Court for the Western District of Texas either lacked jurisdiction to enter or has not entered a final judgment in his criminal case. Judd was not prosecuted or convicted in this district. A § 2255 motion must be filed with the sentencing court because only the court where the petitioner was convicted and sentenced has jurisdiction to hear the motion. See 28 U.S.C. § 2255; Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Cohen v. United States, 593 F.2d 766, 770 (6th Cir. 1979).

Defendant has filed multiple motions to vacate under 28 U.S.C. § 2255 and frivolous habeas petitions under 28 U.S.C. § 2241 in the Western District of Texas seeking to vacate his conviction. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. This Court would ordinarily construe Judd's motion as a request for certification to file a successive motion and transfer it to the Fifth Circuit Court of Appeals under In re Sims, 111 F.3d 45, 47

(6th Cir. 1997), and 28 U.S.C. § 1631.[3]

Judd's frequent filings, however, have resulted in restrictions on his filing privileges and the imposition of fines by the United States District Court for the Western District of Texas and the Fifth Circuit Court of Appeals. See In re Judd, No. 03-51371 (5th Cir. Feb. 11, 2004)(dismissing motion for order authorizing successive § 2255 motion); see also Judd v. Winn, 81 Fed. Appx. 479 (5th Cir. Nov. 20, 2003)(dismissing frivolous habeas petition as attempt to avoid sanction orders). The clerk of the Fifth Circuit Court of Appeals and the clerks of all district courts within the Fifth Circuit have been ordered to refuse to file any action, appeal, motion, pleading, or application for authorization to file a successive 28 U.S.C. § 2255 motion submitted by Judd unless he submits proof of the satisfaction of all monetary sanctions. See In re Judd, No. 03-51371, order of Feb. 11, 2004.

Accordingly, it would be futile to transfer this pleading to the Fifth Circuit because of the restrictions on Judd's filing privileges. It is apparent that his only reason for filing this action in the Western District of Tennessee is to circumvent the sanction orders entered against him in the Fifth Circuit which require that he submit proof that all monetary sanctions have been

---

[3] Under Sims, "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." Id.

5

paid prior to any document being accepted for filing. Therefore, the Court determines that the interests of justice would not be served by transferring this frivolous motion to the Fifth Circuit. This Court will not allow Judd to avoid pre-filing review by the Fifth Circuit clerk or payment of his sanctions by filing an action in this district merely for transfer.

Accordingly, this action is dismissed without prejudice for lack of jurisdiction. To the extent Judd's motion contains any viable legal issue for review, he may obtain review by complying with the sanction orders of the Fifth Circuit Court of Appeals and submitting a properly filed application for authorization to file a successive § 2255 motion.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Sixth Circuit also ruled that AEDPA codifies in amended § 2253 the standard for issuing a

6

certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). Because the defendant has chosen to file this attempt to vacate his conviction in a court without proper jurisdiction, the Sixth Circuit would also lack jurisdiction to review this matter. The Court therefore denies a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district

court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

Finally, the Court observes that this plaintiff has never been confined or convicted in this district. Therefore, this district court would not be the proper forum for any complaint filed by Judd. It is clear that the plaintiff is a vexatious litigant who is abusing the federal court's jurisdiction in an attempt to harass the courts of the Fifth Circuit. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction

>from conduct which impairs their ability to carry out Article III functions.  If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984), cert. denied, 474 U.S. 1061 (1985).  See also Winslow v. Romer, 759 F. Supp. at 677-78; Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988).  The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers.  See Filipas v. Lemons.  See also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Martin-Trigona; In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir.), cert. denied, 461 U.S. 960, 77 L. Ed. 2d 1321, 103 S. Ct. 2436 (1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).  A court must take care not to impose restrictions that would preclude the party from all access to the courts.  Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

This plaintiff has adequate access to the courts in the

district in which he is confined and the courts which convicted him. Furthermore, this Court lacks personal jurisdiction over his custodian. The court therefore ORDERS that Keith Russell Judd, Bureau of Prisons registration number 11593-051, is prohibited from filing any further lawsuits in this district while confined in a prison outside the Western District of Tennessee. The Clerk of Court shall not accept for filing in this district any further documents from this plaintiff. The Clerk shall not file, docket, assign a judge or docket number, or otherwise open any document received from him, but shall immediately return unopened any such documents. The plaintiff shall be permitted to file in this action a single sheet of paper with a notice of appeal thereon, but the Court reiterates that any appeal is not taken in good faith.

IT IS SO ORDERED this 1st day of August, 2006.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE